UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN MANCINI, | ) | CASE NO. 1:05 CV 2918 |
| Petitioner, | ) ) | JUDGE DONALD C. NUGENT |
| v. | ) ) | |
| DEPARTMENT OF VETERANS AFFAIRS, | ) ) | MEMORANDUM OF OPINION AND ORDER |
| Respondent. | ) ) | |

On December 19, 2005, petitioner pro se John Mancini filed this in forma pauperis mandamus action against respondent Department of Veterans Affairs. The complaint alleges Mancini has had an appeal pending since some time after mid-September 2005 concerning an April 18, 2005 determination awarding him 50% service connected disability benefits. He seeks an order from this court requiring respondent to consider certain medical evidence he believes respondent will disregard in its pending decision. For the reasons stated below, this action is dismissed.

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable

basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

The common law writ of mandamus, codified at 28 U.S.C. § 1361 provides, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The extraordinary remedy of mandamus will only issue when a petitioner shows that right to the issuance of the writ is clear and undisputable. In Re Bendectin Prod. Liab. Litig., 749 F.2d 300, 303 (6th Cir. 1984). The Supreme Court has determined that a mandamus action under 28 U.S.C. § 1361 provides a remedy for a plaintiff only if all other avenues of relief have been exhausted and only if the defendant owes a clear nondiscretionary duty. Heckler v. Ringer, 466 U.S. 602, 616 (1984); see also, Michigan Ass'n of Homes and Services for the Aging, Inc. v. Shalala, 127 F.3d 496, 503 (6th Cir. 1997).

Even liberally construed, the complaint does not set forth allegations which might justify issuance of a writ of

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

2

mandamus in the instant case under the above standard.

Accordingly, this action is dismissed under 28 U.S.C. § 1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*Donald C. Nugent 1/30/06*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE